FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 AUG -5 PM 3:18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA  *
                          *
v.                        *     CR 314-001
                          *
CHARLES A. GARRETT        *

## ORDER

On September 25, 2014, this Court sentenced Defendant Charles A. Garrett to serve 72 months in prison upon his plea of guilty to the offense of felon in possession of firearms and ammunition. On July 27, 2015, this Court received a letter from Defendant asking that the Court reconsider his sentence as a matter of leniency. In particular, Defendant asks that the Court grant him a two-level reduction in his offense level for acceptance of responsibility.

As a general rule, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). There are three exceptions to this general rule. First, if the Director of the Bureau of Prisons files a motion asking for a reduction, a court may entertain it under certain circumstances. 18 U.S.C. § 3582(c)(1)(A). Second, Section 3582 references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. §

3882(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. Third, a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Defendant's request for a reduction does not fall within any of these exceptions. Accordingly, the Court is without authority to modify his sentence.

Upon the foregoing, Defendant's motion to reduce sentence (doc. no. 90) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE